The City of St. Louis v. Vert.

*Glover & Shepley* and *Noble & Orrick* for respondent.

THE CITY OF ST. LOUIS v. VERT, *Appellant.*

1.  St. Louis: PROSECUTIONS FOR VIOLATION OF ORDINANCES. A city ordinance of St. Louis required that in certain cases relating to carrying of concealed weapons, the trial of the offender before the police justice should be had on the report of the chief of police. *Held*, that a proceeding founded on said ordinance was not void, because the report was not signed in person by the chief of police, his name having been affixed to it by a subordinate officer in charge of the office where such reports were usually prepared. *Ex parte Hollwedell*, 74 Mo. 395, affirmed.

2.  ——: ——. The trial can be had on such report, although it did not ask judgment for any sum, the maximum and minimum penalties being fixed by the ordinance.

3. **Amendment.** The report was subject to amendment by the city.

4. **City Ordinance:** ACTION ON. The action by a city for a penalty for violation of an ordinance is civil and not criminal in its nature.

5. ———— : VALIDITY OF. The city had the power to enact the ordinance in question, it not being in conflict with the state constitution or statutes.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Louis A. Steber* and *T. B. Estep* for appellant.

(1) A prosecution under a city ordinance is an action of debt for the recovery of a penalty. The original complaint fails to mention the amount sought to be recovered, and the court could take no jurisdiction under this complaint. *City of St. Louis v. Smith,* 10 Mo. 439; *Memphis v. O'Connor,* 53 Mo. 468; *Ex parte Hollwedell,* 74 Mo. 395; *City of St. Louis v. Knox,* 74 Mo. 79; Dillon on Mun. Corp. (3d Ed.) secs. 408, 409, 410, 413, 414; *Case v. Mobile,* 30 Ala. 538; 2 Kyd on Corp. 167; *Stuyvesant v. Mayor,* 7 Cow. 608. (2) There being no jurisdiction under the original complaint, the pretended amended complaint could impart no validity to this proceeding, and the cause should have been dismissed in the police court, on motion of defendant. *Memphis v. O'Connor,* 53 Mo. 468; *Haggard v. A. & P. R. R.,* 63 Mo. 302. (3) The police court, being possessed of no jurisdiction either over the subject matter, or over the person of the defendant, should have sustained defendant's motion to dismiss the case. (4) The defendant is charged with no offence whatever. (5) The original complaint was not a written report of the chief of police nor signed by him, nor within his knowledge or in any way by him authorized, and, therefore, on this ground alone, had no validity. *Ex parte Hollwedell,* 74 Mo. 395; *Ex parte Washington,* 10 Mo. App. 495; *Kansas City v. Flanagan,* 69 Mo. 22.

*Leverett Bell* for respondent.

(1) It was not necessary that the report on which the prosecution was founded should be signed by the chief of police. *Ex parte Hollwedell*, 74 Mo. 395. (2) The ordinance is not in conflict with the state constitution. *Vide* art. 2, sec. 17. (3) Nor does it conflict with sections 1274 and 1275 of Revised Statutes, 1879. The ordinance is a lawful regulation, the adoption of which by the municipal assembly of St. Louis was authorized by the general welfare clause of the city charter. 2 R. S., p. 1588. The violation of the ordinance is not a criminal offence. *Ex parte Hollwedell, supra.*

DeArmond, C.—Antoine Vert was arrested behind the bar in his establishment in St. Louis about the middle of an August night in 1881, for interfering with a policeman attempting the capture of Justine Vert, wife of Antoine, for creating a distubance. Vert was taken to the police station where " knuckles of brass " were found concealed in his hip pocket. A proceeding was then begun against him in one of the police courts, on the report in writing of the chief of police, under this clause of an ordinance of the city : " No summons or warrants shall be issued against any person lawfully arrested by any officer or member of the city police, but in every such case, a trial shall be had upon the written report of the chief of police," for a violation of an ordinance providing that : " Hereafter, it shall not be lawful for any person to wear under his clothes, or concealed about his person, any pistol, or revolver, colt, billy, slung-shot, cross-knuckles, or knuckles of lead, brass or other metal, bowie-knife, razor, dirk-knife, dagger, or any knife resembling a bowie-knife, or any other dangerous or deadly weapon, within the city of St. Louis, without written permission from the mayor ; and any person who shall violate this section shall be deemed guilty of a misdemeanor, and

upon conviction thereof be fined not less than ten nor more than five hundred dollars for each and every offence.''

The alleged report of the chief was in writing, but not written or signed by him. His name was fixed to it by a sergeant of police in charge of the office where such papers are commonly prepared, who filled out this report, affixed the name of his chief to it, and left it on his table, when he quit the office about four o'clock in the morning. Later, the same morning, we find it in the police court, where the chief should lodge such reports; but it does not appear that the chief did, or did not, ever know anything about it, or have anything to do with it. This report referred to the violated ordinance by number, chapter, and section as having been violated by Vert ''having concealed about his person knuckles of brass,'' and contained no statement as to the amount demanded as penalty. Afterward, the city attorney, by leave of the police justice, amended the report by attaching thereto a paper demanding five hundred dollars as penalty for the alleged breach of said ordinance by Vert, and giving such particulars as to fully advise Vert of the nature of the offence charged, and the ordinance under which the charge was brought. Vert moved the court to dismiss the proceedings for want of jurisdiction, objected to the city attorney's amendment, and moved to strike it out because there was no such report from the chief of police as could be amended, which motions and objections were overruled. Indeed, it may be here stated, once for all, that appellant objected in all the courts through which this case has passed, at every stage of the proceeding, to every step taken by the respondent, made every allowable motion and saved every exception. Rarely do we find a defendant at bay more zealous in the assertion of his rights—especially his constitutional rights—by prompt objection or comprehensive motion, or evincing, by timely exception, firmer faith in their final vindication.

The motions being overruled and the objections disregarded, the trial came on before the police justice and

soon ended with a finding for plaintiff and a judgment against appellant for one hundred dollars and costs. An appeal being taken to the court of criminal correction, and appellant's motions and objections again proving fruitless, a trial was entered upon in that court. That trial ended in another judgment for the city for one hundred dollars and costs. Thence the cause advanced to the St. Louis court of appeals, where the judgment was affirmed, and now the cause is here by appeal. On the trials below the officer who arrested Vert, testified that he had occasion to arrest Justine Vert the night of August 5, 1881, at Antoine Vert's place in St. Louis, and Antoine interfered with him, and he arrested Antoine and took him to the police station where knuckles of brass, produced in court, were found concealed upon his person under his outer clothing; that he did not see Vert get the knuckles, did not know how long he had them, etc. Plaintiff also introduced in evidence the ordinance containing the provisions quoted. Antoine Vert, testifying as a witness for himself, said he had not interfered with the officer. That he had not the knuckles about him more than five minutes; that his bar tender handed them to him, that one judge (not, however, of any of the courts of whose action he complains) was threatening to beat his wife, and then he got the knuckles. That judge was a hard case—that when the officer went out "these girls" told him he should not let his wife be treated so; that he had the knuckles in his pocket. Thus the knuckles of brass came to be reckoned an important portion of Vert's assets when the police officers took an inventory at the station.

I.   The report upon which the proceeding was instituted was not void, because not signed by the chief of the police. *Ex parte Hollwedell*, 74 Mo. 395.

II.   Although no amount was claimed in the report on account of the alleged violation of the ordinance, referred to by number, yet, as the ordinance so referred to fixed the minimum and maximum penalties, the omission was not fatal.

III.    There was no error in allowing the city attorney to amend.    The ordinance makes liberal provision for amendments, and the amendment contained such matter only, as, by ordinance, the accused had a right to insist on having stated.    At his instance, the police justice would, in obedience to the ordinance, have required the city attorney "to file a written statement, setting forth the nature of the offence with which he is charged, and the ordinance under which the charge is brought," which must be done in a limited time, not to exceed twenty-four hours.    I do not think that this would require the incorporation bodily of the ordinance into the "written statement," and if not, the city attorney, in his amendment, did substantially what he might have been required to do, nothing more.

IV.    The action is a civil, rather than a criminal one, for breach of a city, not a state law, and does not affect, and is not affected by, the state law against the carrying of concealed weapons.    *Hollwedell case, supra.*

V.    Under its general grant of powers, the city might well adopt and enforce, in manner as provided, such an ordinance as appellant is found to have violated.    It is a wholesome provision for the preservation of peace and order in the city.

VI.    No question is in this case as to the validity of the grant of power to the mayor to issue a permit to carry a concealed weapon, nor of the value of such permit, when issued.

VII.    The constitution is not violated in the making or enforcing of the ordinance.    In the constitution the citizen has many priceless rights guaranteed to him ; but unluckily for appellant, the "right" to carry concealed in his hip pocket knuckles of brass, a weapon of dangerous and deadly character, is not a "right" protected by any constitutional guaranty.

I find no error and think the judgment should be affirmed.    All concur.