## THE STATE v. J. B. FINLEY, Appellant.

Division Two, June 23, 1914.

1. **APPELLATE JURISDICTION: Constitutional Question: Raised by Court Sua Sponte.** The Supreme Court cannot refuse to raise or to notice the question of its appellate jurisdiction, simply because an accurately specific ground of objection thereto has not been raised by a motion to transfer the cause to the proper Court of Appeals.

2. ————: **Statute Unconstitutional: Subsequent Appeals.** Where a statute has been held by the Supreme Court to be unconstitutional an appeal from a subsequent conviction thereunder is to the Court of Appeals; and when the cause comes on for hearing in that court it is its constitutional duty to observe and follow the prior decision of the Supreme Court holding the statute invalid.

3. ————: ————: ————: **Motion to Quash Execution.** Where the real question is whether a motion will lie to quash an execution issued upon a judgment bottomed on a statute that the Supreme Court has previously held to be unconstitutional, an appeal from the trial court's order overruling the motion is to the proper Court of Appeals—the judgment adjudging defendant to be guilty of a misdemeanor.

4. ————: ————: ————: ————: **Unconstitutionality of Statute not Timely Raised at Trial.** Defendant was convicted of a violation of Sec. 7226, R. S. 1909, and adjudged to pay a fine of $600. On appeal to the Supreme Court it was held that said court had no jurisdiction because no constitutional question had been timely raised, and the cause was transferred

to the Court of Appeals, which affirmed the judgment. There-after execution was issued in the trial court, and defendant filed a motion to quash the execution on the ground that "said judgment was void for the reason that said section is unconstitutional and has been so declared by the Supreme Court of Missouri." Prior to that time the Supreme Court had declared said statute was unconstitutional. The motion being overruled, defendant appealed to the Court of Appeals, which certified the matter to the Supreme Court, for that "whether defendant has a right secured to him by the Constitution to raise a constitutional question on his motion to quash an execution in the circumstances, presents a question involving a construction of the Constitution." *Held*, that the motion presents no such question for decision, but the real question is: Will a motion lie to quash an execution issued upon a judgment bottomed upon an unconstitutional statute? And a determination of that question does not involve a construction of the Constitution, and, hence, the Supreme Court does not have jurisdiction.

Appeal from Callaway Circuit Court.—*Hon. David H. Harris*, Judge.

Transferred to Kansas City Court of Appeals.

*N. D. Thurmond* for appellant.

(1) The indictment in this case is based upon Sec. 7226, R. S. 1909. This has been declared to be unconstitutional. State v. Rawlings, 232 Mo. 544. (2) The Constitution provides, first, "that all persons have a natural right to life, liberty, and the enjoyment of the gains of their industry." Sec. 4, art. 2. Second, "that no person shall be deprived of life, liberty or property without due process of law." Sec. 30, art. 2. "These terms, 'life,' 'liberty,' and 'property,' are representative terms and cover every right to which a member of the body politic is entitled under the law." State v. Julaw, 129 Mo. 172. The execution sought to be quashed would take appellant's property. (3) The law under which this judgment was rendered being unconstitutional is no law at all. "And if it be true, as must be true, that an unconstitutional law is no law, then its constitutionality is open to attack at

any stage of the proceeding, and even after conviction and judgment.'' Ex parte Smith, 135 Mo. 229; In re Flukes, 157 Mo. 528; Ex parte Neet, 157 Mo. 528. (4) The appellant's contention in this case is, that the law upon which the indictment is based is a nullity and the circuit court had no jurisdiction to render the judgment, and therefore the execution should be quashed and the judgment should be declared void, as prayed for in the motion.

*John T. Barker*, Attorney-General, for the State; *S. P. Howell* of counsel.

(1) In order to give this court jurisdiction of an appeal from a conviction for a misdemeanor, the constitutional question must be raised at the earliest opportunity that good pleading and orderly procedure will admit. State v. Grant, 194 Mo. 364; State v. Gamma, 215 Mo. 103; State v. Boehler, 220 Mo. 4; State v. Fleming, 221 Mo. 451; State v. Smith, 225 Mo. 579. (2) On the former appeal this court decided that it was without jurisdiction for the reason that a constitutional question had not been properly raised and preserved in the record. The question of jurisdiction, therefore, is *res adjudicata* and decisive of the case at bar. When the case was here before an examination of the record disclosed that the appellant had attempted to raise a constitutional question in a motion to quash the indictment, but that he failed to renew his objection in the motion for a new trial. In that condition of the record, this court held it was without jurisdiction and transferred the case to the Kansas City Court of Appeals. In the latter court the case was heard on the merits and the judgment of the trial court affirmed. Thereafter an execution was issued on the judgment which had been affirmed by the Court of Appeals, and the appellant then filed a motion to quash the execution on the ground that Sec. 7226, R.

S. 1909, was unconstitutional. In other words, the appellant has come here again with the same case, between the same parties, and asking the court to pass upon the same identical constitutional question which this court held on the former appeal had not been properly raised, and therefore was not in the case. If a constitutional question was not brought into the case prior to the rendition of judgment, which is conclusive of all matters of merit, it would seem that such a question could not properly be lodged in a supplementary proceeding, taken for the purpose of realizing on the judgment rendered. State v. Finley, 234 Mo. 603; State v. Finley, 162 Mo. App. 134; State v. Faulkner, 185 Mo. 691; Spratt v. Early, 199 Mo. 501; Cantwell v. Johnson, 236 Mo. 603; Johnson v. Latta, 84 Mo. 139; State ex rel. v. Allen, 132 Mo. App. 106; Cooley's Const. Lim. (2 Ed.), p. 29. (3) Attempting to raise a constitutional question in the motion to quash the execution comes too late to give this court jurisdiction. Lohmeyer v. Cordage Co., 214 Mo. 689; State v. Gamma, 215 Mo. 104; Hartzler v. Railroad, 218 Mo. 564; Howell v. Sherwood, 242 Mo. 540; Dudley v. Railroad, 238 Mo. 187; Ross v. Grand Pants Co., 241 Mo. 299. (4) A motion to quash the execution cannot reach error in the proceedings or matters of merit antecedent to the judgment. The only questions that may properly be taken into consideration on a motion to quash an execution are those which go merely to irregularity in the form or manner of issuance of the writ itself. In other words, the appellant cannot by means of a motion to quash the execution reach beyond that writ and make an assault upon the judgment rendered. Sappington v. Lenz, 53 Mo. App. 52; Seaman v. Paddock, 51 Mo. App. 465; Asphalt Pav. Co. v. Kiene, 99 Mo. App. 534; Warren v. Railroad, 122 Mo. App. 257; Johnson v. Greve, 60 Mo. App. 173; Boyd v. Ellis, 107 Mo. 400; 17 Cyc. 1152, 1154.

FARIS, J.—This is an appeal from an order made
by the circuit court of Callaway county overruling a
motion to quash an execution issued out of that court
upon a judgment assessing certain fines against de-
fendant upon his conviction of a misdemeanor.

For a clear understanding of the facts of the case
and of the point involved here, it becomes necessary
to recite certain antecedent facts:

At the September term, 1909, the defendant was
indicted in two counts for violating section 7226, Re-
vised Statutes 1909. Put upon his trial at said term
he was convicted and as punishment there was assessed
against him a fine in the sum of $300 on each count,
or in the total sum of $600. We set out the sentence
or judgment rendered following such conviction or so
much of it as serves to cast light upon pertinent legal
questions involved. It is as follows, caption and
merely formal parts omitted:

"It is, therefore, considered and adjudged by the
court that the State of Missouri have and recover
of the defendant the said sum of six hundred dol-
lars assessed by the jury aforesaid, together with all
costs, and that execution issue against the goods and
chattels of defendant, if sufficient thereof be found,
but if no property of the defendant be found, then to
arrest defendant and commit him to the county jail
until he be discharged by due process of law."

From this judgment an appeal was taken to this
court. Coming on to be heard here, in an opinion
delivered on May 23, 1911, the case was transferred
to the Kansas City Court of Appeals on the ground
that no constitutional question had been timely raised
or preserved in the record in such wise as to allow
of the examination of such a question in this court.
This case will be found reported under the style of
State v. Finley, 234 Mo. 603, to which reference is
hereby made for the facts and for further illumina-
tion of the instant point. When the case came up in

the Kansas City Court of Appeals it was decided and affirmed there upon the merits, no constitutional question being urged there (naturally for lack of jurisdiction), nor has there ever been any such question decided in this case in any court up to this time. The case will be found reported under the style of State v. Finley, 162 Mo. App. 134. Upon the coming back of the case to the circuit court of Callaway county with the mandate of the Court of Appeals, an execution was issued herein, which execution, omitting all formal parts, including the *teste* of the clerk, is as follows:

"Whereas, the State of Missouri, on the 30th day of September, in the year of our Lord nineteen hundred and nine, at our circuit court for said county of Callaway, recovered against J. B. (Dude) Finley, the sum of six hundred dollars, and also its costs, which have been taxed at the sum of thirty-nine dollars and ninety cents; these are, therefore, to command you, that of the goods and chattels, lands and tenements of the said J. B. (Dude) Finley, you cause to be made the judgment and costs aforesaid, and that you have the same before the judge of our said court, on the third Monday in May, next, to satisfy said judgment and costs. And have you then and there this writ, certifying how you have executed the same."

Thereupon defendant filed his motion to quash the above execution, because, as averred in the motion, "said judgment was void and of no effect for the reason that said section is unconstitutional and invalid and has been so declared by the Supreme Court of Missouri." It may be said in passing that in other parts of defendant's motion to quash it was averred that the prosecution therein had been had under section 7226, Revised Statutes 1909, and *that a general execution had been issued against the property of defendant.* This execution we have already set out.

Defendant's motion to quash was overruled by the circuit court of Callaway county, and proper exceptions thereto having been taken, an appeal was perfected to the Kansas City Court of Appeals, which court has transferred the case to us, on the ground that the motion to quash raised a constitutional question in effect, or specifically, to quote their order, that the question of "whether defendant has a right secured to him by the Constitution to raise a constitutional question on his motion to quash an execution in the circumstances above narrated, presents a question involving a construction of the Constitution," and that therefore jurisdiction to determine these matters is in us. The case was accordingly sent here. The further facts of the case and its legal history, so far as we have not stated them herein, will be found set out in State v. Finley, 234 Mo. 603; State v. Finley, 162 Mo. App. 134, and State v. Finley, — Mo. App. —.

Respondent has lodged with us a motion to remand this case to the Kansas City Court of Appeals. In this motion it is urged (a) that the original conviction was for a misdemeanor; (b) that since it was held on a former appeal that no constitutional question had been timely raised, therefore the matter of a constitutional question is *res adjudicata;* (c) that the raising of a constitutional question subsequent to final judgment by a motion to quash comes too late, and (d) that the allegation in the motion to quash of the existence of a constitutional question is too general and is therefore insufficient to raise such question here. No other contentions are made or further suggestions lodged with us in anywise affecting the case upon the merits or in any other manner or matter except as we have stated above.

It will be noted that counsel for the State in their motion to remand do not urge specifically the

**Appellate Jurisdiction.** point that there is no constitutional question in this case on the ground that the constitutional invalidity of section 7226, supra, was already settled long before this appeal was taken. [State v. Rawlings, 232 Mo. 544; State v. Burns, 237 Mo. 216.] That it was so ruled is the fact, however; for the Rawlings case was decided here on February 14, 1911, while the appeal in the instant case was not taken till the 17th day of September, 1912. The motion to remand attacks our jurisdiction, which jurisdiction comes to us directly, but by a tortuous path, from the Constitution itself. Since we could raise this question of our own motion (Electric Service Co. v. Gill-Alexander Mfg. Co., 125 Mo. 140; 11 Cyc. 701, and cases cited), we cannot refuse to notice it, for that an accurately specific ground of objection to our jurisdiction has not been urged in the motion to remand.

Turning to the order of the Kansas City Court of Appeals we note that the specific ground on which that learned court holds we have jurisdiction herein and they have none, is that a constitutional question is presented by the query: Whether defendant has the right under the Constitution to raise a constitutional question on a motion to quash an execution? The Court of Appeals it is true states it in somewhat different language, viz.: ''Whether defendant has a right secured to him by the Constitution to raise a constitutional question on his motion to quash an execution under the circumstances above narrated, presents a question involving a construction of the Constitution,'' but we think our analysis above states the point involved as it comes to us, fairly and succinctly. Unless under the facts narrated and which we have tried to set out exhaustively a constitutional question is raised for our determination, it is conceded that jurisdiction of the case belongs in the Kansas City Court of Appeals.

It is a nice, close question which has proven troublesome on this phase of our right to determine it. If for the very first time on a motion to quash the execution the contention were made that section 7226, supra, is unconstitutional, a more difficult proposition would be before us on the phase of our jurisdiction, but a less vexing one on the phase of its availability to defendant. But here the utter voidness and invalidity of section 7226, under which defendant was convicted, has long since been determined. [State v. Rawlings, supra.] It is the duty of the several courts of appeals to observe and follow the ruling of this court on this section of the statute, when next a prosecution thereunder shall be followed by an appeal. [Harburg v. Arnold, 87 Mo. App. 326; Bussiere v. Sayman, 171 Mo. App. 11.] Subsequent appeals in such prosecutions, even though the constitutionality of section 7226 be again properly and timely raised therein, will be cognizable in the courts of appeals and not in this court. [Dickey v. Holmes, 208 Mo. 664; State v. Campbell, 214 Mo. 362; Bank v. Glass Co., 243 Mo. 409; Richmond v. Creel, 253 Mo. 256.] Not only upon the next appeal—should such ever occur—from any prosecution under this section, but in all matters affecting its constitutionality, the Courts of Appeals will, we apprehend, feel constrained to treat it hereafter as invalid and void, because we have so ruled it and because said courts are in constitutional duty bound to follow us. [Sec. 6, Am. of 1884 to Constitution of Mo. 1875, and cases supra.] Therefore having regard to the already adjudged invalidity of section 7226, does not the controversy stand thus, and may we not in all legal truth and logic recast our question, thus: Will a motion lie to quash an execution issued upon a judgment bottomed upon an unconstitutional statute? The premises regarded what more is there upon this record to determine, when the above question of practice has been answered? Should this execution

be quashed? Not because it is unconstitutional; not because by the motion to quash a constitutional question is raised; but simply and solely because it issued on a judgment based on an unconstitutional statute. Is the latter fact a ground meet for quashing the execution? We are not able to see any other question in the case at this time. Throughout it must be kept in mind, not only that movent says section 7226 is unconstitutional, but in addition he says, "*it has already been so declared*," and this we notice as true.

We can readily perceive a condition which might require us, since we have sole jurisdiction to determine constitutional questions, to go further and determine also whether the matter was by the facts or upon the record so presented as to bring it before us upon a constitutional point. But in our view that is not this case. Even if it were the case neither the diligence of learned counsel on either side, nor our own lengthy—but concededly not exhaustive—research has found for us a case exactly in point holding that jurisdiction would be thus unquestionably conferred on us. The cases of Bennitt v. Railroad, 44 Mo. App. 372; State ex rel. v. Court of Appeals, 97 Mo. 276; State v. Dinnisse, 109 Mo. 434; State v. Dinnisse, 41 Mo. App. 22, and Ash v. Independence, 145 Mo. 120, are slightly in point, but clearly in no way decisive of the question. Persuasive even against this view and suggested *arguendo* only, having reached the view that the serious question last mooted is not in the case, is the language of Judge ELLISON in the case of Dollar Savings Bank v. Ridge, 79 Mo. App. l. c. 32, where he says:

"It may be suggested that in the decision we now make we are construing the Constitution, and that the question we are now deciding should be decided by the Supreme Court. But we necessarily must decide in the first instance whether we have jurisdiction of a case. We do this constantly in certifying cases to the

Supreme Court and in refusing to certify. Our decision of such question is not final, since if we refuse to certify on the ground that we have jurisdiction, our mistake may be, and frequently is, corrected by mandamus from that court; and if we certify a case to that court which ought not to have been sent there it may be, and frequently is, re-certified to this court. In these matters we do not construe the Constitution; we merely pass on the question whether there is anything in the case calling for a construction of the Constitution.''

Coming to the conclusion that there is in the case neither a constitutional question undetermined nor one raised in any way upon the record, but that the sole question is the legal efficacy of a motion to quash an execution issued upon a judgment, which judgment is founded upon a confessedly unconstitutional statute, we are constrained to hold that we have no jurisdiction. It is therefore ordered that this case be transferred to the Kansas City Court of Appeals. *Walker, P. J.,* and *Brown, J.,* concur.