STATE OF MISSOURI, Respondent, v. J. B. (DUDE) FINLEY, Appellant.

**Kansas City Court of Appeals, February 1, 1915.**

1. **CRIMINAL LAW: Misdemeanor: Execution: Void Law.** A defendant convicted of a misdemeanor and punishment assessed by fine of $600, may have the execution against his property to enforce the fine quashed on his motion to that effect, on the ground that the law creating the offense was unconstitutional.

2. ————: **Life, Liberty and Property: Protection.** Life, liberty and property are equally under the protection of the courts in criminal proceedings.

Appeal from Callaway Circuit Court.—*Hon. D. H. Harris*, Judge.

REVERSED AND REMANDED (*with directions*).

*N. D. Thurmond* for appellant.

*John T. Barker* and *S. P. Howell* for respondent.

ELLISON, P. J.—In State v. Rawlings, 232 Mo. 544, section 7226, Revised Statutes 1909, was declared to· be unconstitutional.   In September, 1909, defendant was convicted in the circuit court of Callaway county for violating that section in ordering intoxicating liquors as agent for another.   He appealed to the Supreme Court on the ground, among other things, that the statute was unconstitutional. That court decided, (May 23, 1911) that a constitutional question had not been

properly raised and that jurisdiction, therefore, was in this court and transferred the case. This court afterwards heard the appeal and affirmed the judgment (February 19, 1912, 162 Mo. App. 134). It was a part of the judgment against defendant that he should pay a fine of $600, and on receipt of the mandate of this court affirming the judgment, the circuit court issued an execution which was levied by the sheriff on defendant's property. He then moved to quash the execution on the ground that the statute aforesaid upon which the judgment of conviction was founded was unconstitutional. The circuit court overruled the motion and defendant appealed to this court. This court transferred the case to the Supreme Court on the question "Whether defendant has a right secured to him by the Constitution, to raise a constitutional question on his motion to quash an execution" in the circumstances stated. That court concluded that a question of a construction of the Constitution was not involved, 259 Mo. 414, 168 S. W. 921, and retransferred the case to this court.

The statute aforesaid, for the violation of which defendant was convicted, having been declared unconstitutional, we will regard it as not a law. The question remaining is, can a defendant in a criminal case attack a law, after judgment and upon execution, on the ground that it is unconstitutional? The question has been answered in the affirmative by the Supreme Court in Ex Parte Smith, 135 Mo. 223. At page 229, the court said: "And if it be true, as must be true, that an unconstitutional law *is no law,* then its constitutionality is open to attack at any stage of the proceedings and even after conviction and judgment; and this upon the ground that no *crime* is shown and therefore the trial court had no jurisdiction; because its criminal jurisdiction extends only to such matters as the *law* declares to be *criminal,* and if there is no law

making such declaration, or, what is tantamount there-to, if that law is unconstitutional, then the court which tries a party for such an *assumed* offense, transcends its jurisdiction and he is consequently entitled to his discharge, just the same as if the nonjurisdiction of such court should, in any other matter, be made apparent.'' That case involved the liberty of the party concerned, while here the immediate question relates to defendant's property; but we can see no difference. The right to life, liberty and property are equally under the protection of the courts to see that neither is taken, in a criminal proceeding, without warrant of law. [State v. Julow, 129 Mo. 163; Ex Parte Neet, 157 Mo. 527, 537.]

It follows that the judgment must be reversed and cause remanded with directions to quash the execution. All concur.