**KANSAS CITY, Missouri, a Municipal Corporation, Appellant,**

v.

**Harvey HAMMER, Harry Ellman, Louis Goller, Jack Rayburn, William Ruback, Ida Rayburn, Ben Eisenberg, Jack Gordon, Dorothy Gordon, Joseph D. Davenport, and Homer Smay, Respondents.**

No. 48366.

Supreme Court of Missouri,

Division No. 2.

July 10, 1961.

Richard H. Koenigsdorf, City Counselor, Manfred Maier, Asst. City Counselor, Kansas City, for appellant.

Louis Wagner, Kansas City, for respondents.

STORCKMAN, Judge.

The defendants are charged by informations filed in the Municipal Court of Kansas City with unlawfully selling, or offering for sale, obscene, lewd, licentious, indecent and lascivious publications or magazines in violation of § 39.430 of the Revised Ordinances of 1956 of the City of Kansas City, Missouri. The defendants entered pleas of not guilty in the Municipal Court and filed motions to dismiss the informations on the grounds that the ordinance in question was unconstitutional in that it deprived the defendants of their rights of freedom of speech and of the press and denied them due process of law in violation of the First and Fourteenth Amendments of the Constitution of the United States and § 8 and § 10 of Article I of the Constitution of Missouri, V.A.M.S. The motions to dismiss were overruled. The defendants were all convicted and they appealed to the Circuit Court of Jackson County.

In the Circuit Court the cases, consisting of 36 informations against 11 defendants, were consolidated for trial. In Circuit Court the City withdrew its request for a jury and the cases were heard by the court. The magazines and publications in question were admitted in evidence without objection and it was stipulated that they were offered for sale and were sold by the de-

fendants. The consolidated cases were tried and submitted on August 5, 1959. Briefs were filed by the parties as requested by the court and on January 25, 1960, the Circuit Court rendered its judgment finding the defendants not guilty. The plaintiff appealed to the Kansas City Court of Appeals which court on motion of the defendants transferred the case to this court on the ground that constitutional questions were involved.

At the time of rendering decision, the Circuit Court filed a memorandum opinion which, after preliminary recitals and quotation of the ordinance in question, stated:

"On these thirty-six appeals the appellants contended that the matters were not obscene in violation of said ordinance and, further and more strongly, that convictions under the evidence and ordinance were in violation of the First Amendment and the Fourteenth Amendment of the Constitution of the United States and were in violation of the Constitution of Missouri in that they deprived the defendants of their rights of freedom of the press and free speech and the due process clauses of said Constitution.

"The Court has spent much time perusing through the exhibits introduced and the briefs of both appellants and the City of Kansas City, but has reached the conclusion that such perusal was useless and a waste of time since the opinion of the Supreme Court of the United States: [Smith v. California, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205, decided December 14, 1959.] * * * wherein said Supreme Court of the United States unanimously decided that such ordinances or state laws are unconstitutional in that they are in violation of the First Amendment and the Fourteenth Amendment and the due process clauses of the Constitution of the United States of America.

"These constitutional questions were raised in the case before me as evidenced by motions filed in the Municipal Court of Kansas City, Jackson County, Missouri, immediately upon the beginning of such cases and kept alive on appeal in this court and were raised and followed up in the defendants' brief filed herein."

The memorandum opinion then quotes the last paragraph of Mr. Justice Brennan's majority opinion, 361 U.S. 155, 80 S.Ct. 219, and the two complete paragraphs of Mr. Justice Frankfurter's concurring opinion appearing on page 161 of 361 U.S., on page 223 of 80 S.Ct. The memorandum opinion concluded by rendering judgment for all of the defendants.

The sole point relied on by the plaintiff in this court reads as follows: "The Court erred in deciding the cause of action on the basis of the constitutionality of the ordinance, when that question was specifically and expressly waived by respondents' counsel". In its jurisdictional statement the plaintiff concludes that "it would seem that jurisdiction of this appeal [should] be in the Kansas City Court of Appeals". We first address ourselves to the question of our jurisdiction.

■ Where the constitutionality of a municipal ordinance under the federal and state constitutions is embraced within the issues of law tendered at the trial, the jurisdiction on appeal is in the supreme court. John Bardenheier Wine & Liquor Co. v. City of St. Louis, 345 Mo. 637, 135 S.W.2d 345 [1]; Sta-Whip Sales Co. v. City of St. Louis, Mo., 307 S.W.2d 495, 498 [2].

■ Even though the constitutionality of the ordinance were beyond the issues submitted and hence its determination unauthorized, the appellate jurisdiction would still be in this court because the judgment rendered purported to decide the question of constitutionality. State ex rel. Brown v. Hughes, 345 Mo. 958, 137 S.W.2d 544, 545 [6]; Riley v. La Font, Mo., 174 S.W.2d 857, 858 [1]; Dillard v. Dillard, Mo., 266 S.W.2d 570, 572 [1]; Hammonds v. Hammonds, Mo.App., 289 S.W.2d 903, 905 [4]. In either event appellate jurisdiction is in this court.

In support of its contention that the defendants waived the constitutional question, the plaintiff relies upon this statement made by defendants' counsel during the trial in circuit court: "We don't intend to be contentious, Your Honor. We have not raised any constitutional question here. We have not attacked the validity of the ordinance because we are interested that this case be brought to a head and this Court determine whether these particular magazines are obscene."

Defense counsel made this statement during an apologia concerning his representation of the defendants. He called attention to the fact that there were present in the courtroom "members of the clergy, members of the press, and members of the P. T. A." He referred to and read from Supreme Court Rules 4.05 and 4.15 V.A. M.R. to justify his actions and further asserted: "I have been ostracized and criticized by these many groups, in the newspaper, certain publications which I think that Your Honor knows of, as well as all of the members of the bench, and the County Court, and the Police Court, of my unfitness as a lawyer because I represent these defendants who have been charged here." In respondents' brief the defendants' counsel attempts to expound further upon his personal reasons for making the statement on which the plaintiff relies for its claim of waiver.

But we need not concern ourselves with the tribulations of defendants' counsel since the record affirmatively shows that the constitutional question remained in the case and was the legal issue upon which the court found the defendants not guilty. It makes no difference whether defense counsel recanted or whether the trial court declined to accept the purported waiver. The controlling factor is that the question was considered by the court and decided. The correctness of the determination is not challenged,—only that the issue had gone out of the case by way of waiver.

■ This state is thoroughly committed to the proposition that the unconstitutionality of an ordinance or statute on which a prosecution is based cannot be waived. The invalidity of such an act on constitutional grounds goes to the subject matter of the prosecution and may be raised at any stage of the proceedings, even by a collateral attack after conviction. Ex parte Lerner, 281 Mo. 18, 218 S.W. 331; Ex parte Taft, 284 Mo. 531, 225 S.W. 457; Ex parte Smith, 135 Mo. 223, 229, 36 S.W. 628, 33 L.R.A. 606; Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398; and State v. Finley, 187 Mo.App. 72, 172 S.W. 1162.

In Ex parte Lerner, 281 Mo. 18, 218 S.W. 331, 332 [1], this court in a habeas corpus action set aside a conviction under an unconstitutional city ordinance, stating that "an unconstitutional law is no law, and its validity is therefore open to attack as determinative of the question of jurisdiction at any stage of a proceeding, even in a criminal case after conviction and judgment; the controlling requisite in the application of the rule being that the record disclose that the petitioner is illegally restrained of his liberty regardless of the stage of the proceedings or nature of the charge, although it may be but a misdemeanor punishable only by a fine."

In the landmark case of Ex parte Smith, supra, this court stated, 135 Mo. loc. cit. 229, 36 S.W. loc. cit. 630: "So that it may now be regarded as the established doctrine of this court that it will interfere by means of the writ of *habeas corpus* to look into and investigate the constitutionality of a statute or ordinance on which a judgment which results in the imprisonment of a petitioner is founded.

"And if it be true, as must be true, that an unconstitutional law *is no law,* then its constitutionality is open to attack at any stage of the proceedings and even after conviction and judgment, and this upon the ground that no *crime* is shown, and therefore the trial court had no jurisdiction, because its criminal jurisdiction extends only to such matters as the *law* declares to be *criminal;* and if there is no law making

such declaration, or, what is tantamount thereto, if that law is unconstitutional, then the court which tries a party for such an *assumed* offense, transcends its jurisdiction and he is consequently entitled to his discharge, just the same as if the nonjurisdiction of such court should in any other manner, be made apparent."

In State v. Finley, 187 Mo.App. 72, 172 S.W. 1162, it was held that a person convicted under an unconstitutional statute may, after judgment imposing a fine, attack the statute by a motion to quash the execution issued to collect the fine.

The cases cited and relied upon by the plaintiff are civil cases in which the trial court granted relief in excess of the issues raised by the pleading or the issues made and submitted at the trial. For instance in Brown v. Wilson, 348 Mo. 658, 155 S.W. 2d 176, 180 [13–16], the trial court in an ejectment case adjudicated title when the issue of title was not presented by the pleadings. This court held that the portion of the judgment that purported to vest title in the defendant was void as being beyond the issues made by the pleading. This, by the way, is the decision on the merits of the certiorari proceedings of State ex rel. Brown v. Hughes, supra, cited in connection with the determination of our jurisdiction. Clark v. Clark, Mo.App., 300 S.W. 2d 851, was a proceeding on the husband's motion to modify a divorce decree by changing the custody of the children. The relief requested by the wife was limited to a denial of the motion and the payment of her attorney's fee. The court overruled the motion to modify but increased the amount of child support. The court of appeals held that the judgment insofar as it increased support was invalid because it was not within the issues tried and submitted. The plaintiff also cites § 509.500 [1] relating to the amendment of pleadings to make them conform to the evidence in a civil case.

■ These authorities are not determinative of the question before us. In the present case the defendants pleaded not guilty so the ultimate issue to be decided by the court was the guilt or innocence of the defendants. The constitutional question was an issue of law bearing upon their guilt or innocence. The judgment of the court did not accord the defendants relief in excess of that to which they were entitled under their pleas of not guilty.

■ Smith v. People of State of California, supra, was decided by the Supreme Court of The United States after the submission in the circuit court. It was appropriate for the trial court to apply the decision in order to avoid the possibility of rendering a judgment based on a constitutionally invalid statute. Counsel of the plaintiff in oral argument disclosed that the Kansas City ordinance has been redrafted in recognition of the impact of Smith v. People of State of California.

■ The record made by the court asserts that the constitutional question was raised, kept alive and briefed by the parties. The statement of counsel purporting to waive the constitutional issue did not preclude the court from considering the question. The legal issue remained in the case and the court did not err in deciding it.

The judgment is affirmed.

All concur.

1. Now V.A.M.R. Civil Rule 55.54.