**KANSAS CITY, Missouri, Respondent,**

**v.**

**Ora Eugene DOUGLAS, Appellant.**

**No. 56274.**

Supreme Court of Missouri,
Division No. 1.

Nov. 8, 1971.

Motion for Rehearing or to Transfer to Court
En Banc Denied Dec. 13, 1971.

Aaron A. Wilson, City Counselor, Charles A. Lewis, Associate City Counselor, Kansas City, for respondent.

James L. Muller, Legal Aid and Defender Society of Greater Kansas City, Inc., Kansas City, for appellant.

HOUSER, Commissioner.

Ora Eugene Douglas was convicted in Municipal Court of Kansas City of two misdemeanors: careless driving in violation of a city ordinance (for which he was fined $25) and driving while under the influence of intoxicating liquor (fine $100). He appealed to the Circuit Court of Jackson County, where he was retried to the court without a jury. Again found guilty of both charges he was assessed a fine of $50 on the first charge and $250 on the second. He appealed to the Kansas City Court of Appeals, which ordered the cause transferred here on the ground that this Court has exclusive jurisdiction in cases involving construction of the state and federal constitutions.

The constitutional question (first sought to be raised in appellant's brief filed in the court of appeals) is whether the penalty section of the ordinance prohibiting driving while under the influence of intoxicating liquor violates the equal protection clause of Amendment XIV of the federal constitution and the equal rights guarantee of Article I, Section 2 of the state constitution, V.A.M.S. In support of the transfer order we are urged to retain jurisdiction of this appeal, notwithstanding it involves a conviction of misdemeanors and despite the fact that the constitutional question was not raised at the earliest available opportunity, because the unconstitutionality of an ordinance on which a prosecution is based cannot be waived—that its invalidity goes to the subject matter of the action, is jurisdictional, and its constitutionality is open to attack at any stage of the proceedings, even after conviction, judgment and appeal, for which rules Kansas City v. Hammer, Mo.Sup., 347 S.W.2d 865; Ex Parte Lerner, 281 Mo. 18, 218 S.W. 331; State v. Finley, 187 Mo.App. 72, 172 S.W. 1162, and Ex Parte Smith, 135 Mo. 223, 36 S.W. 628, have been cited. Assuming without deciding that these cases provide an exception to the general rule that constitutional questions must be raised at the first available opportunity, appellant still has the burden of demonstrating that he has standing to assert and has properly and in good faith presented issues involving the construction of the constitutions; that the issues presented are genuine and not fictitious in that a colorable issue only is presented, and are otherwise before us for consideration. State v. Civella, Mo. Sup., 368 S.W.2d 444.

Appellant claims that he is denied equal protection of the laws and equal rights because the punishment prescribed for the first offense under said ordinance (imprisonment for not less than thirty days nor more than one year or a fine of not less than $100 nor more than $500, or both such fine and imprisonment) is heavier than that prescribed under § 564.440, RSMo 1959, V.A.M.S. as amended Laws 1967, p. 410, § 1, for the same offense in the same city as well as the other parts of the state (a fine of not less than $100 or by imprisonment for a term not exceeding six months or both such fine and imprisonment). The argument is that under the ordinance he was "exposed * * * to greater punishment than that which could be imposed upon others charged with having committed the same offense in other parts of the state" in that he might have been imprisoned for from thirty days to a year under the city ordinance whereas for the same offense others, prosecuted under the state statute, could have been sentenced to less than thirty days, with a maximum of six months.

Appellant, however, has not shown that this is a genuine issue and the conceded facts make it abundantly clear that appellant has no standing to assert that he has been injured by such exposure. " * * * [A] person may not urge the unconstitutionality of a statute [or ordinance] in the absence of showing injury. A person may question the constitutionality of a statute [ordinance] only when it is applied to his disadvantage." (Our brackets.) Miller v. Police Retirement System, Mo.Sup., 296 S.W.2d 78, and cases cited l. c. 80. Appellant was not sentenced to imprisonment. The punishment inflicted upon him, a $250 fine, was within the range of punishment by fine prescribed in both statute and ordinance. Accordingly, his asserted right to equality in the imposition of punishment by imprisonment is not and is not about to be adversely affected by the operation of the statute and ordinance. See Grothe v. St. Louis-San Francisco Ry. Co., Mo.Sup., 460 S.W.2d 711, 714 [2]; State v. Mucie, Mo.Sup., 448 S.W.2d 879, 886 [1]. The purported constitutional issue is not real and substantial, but is colorable merely, Junior v. Junior, Mo.Sup., 84 S.W.2d 909,

910 [3]; City of Webster Groves v. Quick, Mo.Sup., 319 S.W.2d 543, and the question whether the penalty provision of the ordinance relating to imprisonment is constitutional or unconstitutional "is one of speculative interest only." Weisberg v. Boatmen's Bank, Mo.Sup. en Banc, 245 S.W. 1053, 1054.

In the absence of any constitutional issue vesting jurisdiction in this Court the cause is retransferred to the Kansas City Court of Appeals for determination of the other issues presented.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.