STATE OF MISSOURI, Respondent, *v.* GARRETT LARGER, Appellant.

1. *Husband and wife — Neglect to "maintain or provide" — Words sufficient under statute.*—Under the act of 1867, p. 112, section 1, a complaint which charged that the defendant abandoned his wife, and failed to maintain or provide for her, is sufficient. The words "maintain and provide," as used in the statute, mean simply a provision of maintenance, the neglect of which, after abandonment, completes the offense defined.

2. *Misdemeanors, trial of — Jury — Waiver.*—In misdemeanor cases, the statute does not require any express waiver of a jury in order to authorize a trial by the court. If defendant was not willing to be tried by the court, he should have objected at the time; and in such cases, as it is not required that the submission shall be entered on the minutes, or in any manner become a matter of record, it is not to be presumed from the silence of the record that the court proceeded irregularly and without authority.

*Appeal from St. Louis Court of Criminal Correction.*

*S. N. Taylor*, for appellant, cited 1 Chit. Crim. L. 174, 231; Barb. Crim. L. 319; 2 Strange, 900; State v. Fitzsimmons, 30 Mo. 236; Neagles v. State, 10 Mo. 498; State v. Mansfield, 41 Mo. 475.

*H. B. Johnson*, Attorney-General, and *J. P. Colcord*, for respondent, cited State v. Newberry, 43 Mo. 429.

CURRIER, Judge, delivered the opinion of the court.

The defendant seeks to arrest the judgment herein because of the supposed insufficiency of the complaint, which undertakes to set out the facts constituting a misdemeanor. The statute under which it is framed (Acts 1867, p. 112, § 1) enacts that a husband who shall, without good cause, abandon his wife, and who shall also fail to maintain and provide for her, shall be deemed guilty of a misdemeanor. The complaint charges that the

State of Missouri v. Larger.

defendant abandoned his wife and failed to maintain or provide for her, using " or " instead of " and " as a connection between the words " maintain " and " provide." This variation from the statute is thought to be fatal to the complaint. I am of a different opinion. The complaint charges the abandonment, and that the defendant neglected and refused either to maintain or provide for his deserted wife. If he did neither, he neglected both. Besides, the words " maintain and provide," as used in the statute, mean simply a provision of a maintenance, the neglect of which, after abandonment, completes the offense defined by the statute. We think this neglect is sufficiently charged in the complaint.

But it is further objected that the judgment was erroneous because the trial was by the court, the record failing to show that a jury was waived. In misdemeanor cases, the statute does not require any express waiver of a jury in order to authorize a trial by the court. The provision is (Gen. Stat. 1865, p. 848, § 2) that the " defendant and prosecuting attorney, with the consent of the court, may submit the trial of misdemeanors to the court." It is not required that such submission shall be entered on the minutes, or that it shall in any manner become a matter of record. It is not to be presumed, therefore, from the silence of the record, that the court proceeded irregularly and without authority. If the defendant was not willing to be tried by the court, he should have objected at the time. Having taken his chances with the court, it is too late now to object that he was not tried by a jury.

The statute (Gen. Stat. 1865, pp. 673–4, §§ 12, 14) in relation to the waiver of a jury in civil causes is quite different from the statute in relation to the submission of misdemeanor cases to the court for trial. The former statute provides not simply for a submission to the court, but that, as an indispensable preliminary condition to such submission, the parties shall expressly waive the intervention of a jury, and that such waiver shall be " entered on the minutes," and thus become a matter of record. In this class of cases it is necessary that the records or minutes should show affirmatively upon their face the fact of the

waiver, because the statute requires it. In misdemeanor cases the statute makes no such requisition.

The judgment will be affirmed; the other judges concurring.