STATE OF MISSOURI, Respondent, v. CHARLES ADAMS et al., Appellants.

St. Louis Court of Appeals, May 2, 1899.

1. **Practice, Trial**: AMENDED INFORMATION: AMENDED AFFIDAVIT. In the case at bar an amended information with an amended affidavit were filed at the same time before the justice. Held, that as they were filed together, the presumption must be indulged that the amended information succeeded the amended affidavit upon which its context shows it was based.

2. ——: ——: PRESENCE OF DEFENDANTS DURING TRIAL. As the charge, in the case at bar, is a mere misdemeanor it will be presumed that the personal presence of the defendants, once shown, continues during the remainder of the proceedings, or that they were absent by the consent of the court and prosecuting attorney.

*Appeal from the Texas Circuit Court.*—HON. L. B. WOODSIDE, Judge.

AFFIRMED.

GEO. T. MEADOR for respondent.

The record discloses the filing of the amended papers in this cause as one continuing act. The appellate court will indulge all reasonable presumption, that the papers were filed in proper and regular order. Kelley's Crim. Law, sec. 462; State v. Stevenson, 93 Mo. 91. The record shows the presence of the defendants at the commencement of the trial; this presence is presumed to continue throughout the trial. Kelley's Crim. Law, sec. 134; R. S. 1889, sec. 4191. Defendants can not take advantage of their own wrong by leaving the court room after a jury has been impaneled to try the charge against them. This is a legal maxim of long standing. The appellate court will not review the evidence in this case, as no

objections were made to the introduction of the evidence or exceptions saved on the trial.     Kelley's Crim. Law, sec. 369; State v. Hope, 100 Mo. 347; State v. Miller, 93 Mo. 263.  Appellate courts will not set aside the verdict of a jury unless it is decidedly against the weight of the evidence or where manifest injustice has been done.     Kelley's Crim. Law, sec. 428; State v. Chouteau Hunt, 91 Mo. 490; State v. Connell, 49 Mo. 282.     The instructions in this case are as favorable to the defendants as the law will warrant, and correctly declared the law applicable to the case in hand.     State v. Miller, 93 Mo. 263.     We submit that no error justifying a reversal of the cause is disclosed by the record and that the judgment of the circuit court should be affirmed.

BARTON & DOOLEY for appellants.

The information was bad for the following reasons:     It was filed before the amended affidavit was made or filed and must have been based on the original affidavit which failed to charge that the place of the alleged disturbance was set apart, appropriated or used for the purposes of the meeting.     State v. Shiernman, 64 Mo. 386; State v. Stegall, 65 Mo. App. 243; State v. Kindrick, 21 Mo. App. 507.     And should have been quashed.     State v. Grubb, 71 Mo. App. 214.     It should have alleged that the schoolhouse "was then and there" set apart, etc.     1 Bishop's (New) Cr. Proc., sec. 407 et seq.; Whart. Cr. Pl. and Pr. [9 Ed.], sec. 132.     *   *   *     To a valid trial it is essential that defendants be personally present or that they waive such right and that the court and prosecuting attorney consent to such waiver.     R. S. 1889, sec. 4191; 1 Bishop's (New) Cr. Proc., sec. 268; Mo. Const., art. 2, sec. 22; In re Miller, 44 Mo. App. 125; State v. Geiger, 45 Mo. App. 111; State v. Glasser, 7 Mo. App. 572.     This right can be waived only when punishment is not inflicted.     1 Bishop's (New) Cr. Proc., sec. 268 and note 7; In re Miller, 44 Mo. App. 125, loc. cit. 127; State v. Meagher, 49 Mo. App. 571, loc. cit. 591;

State v. Adams.

State v. Glasser, 7 Mo. App. 572. And even then an attorney has no implied power to waive it. 1 Bishop's (New) Cr. Proc., sec. 268 and note 7.

BOND, J.—The defendants appealed from a conviction upon an information charging them with disturbing "an assembly of people, met together for a lawful purpose, to wit: A Christmas tree entertainment at a certain schoolhouse set apart for such entertainment," and concluding in the words of the statute. After a conviction in the justice's court to which the case was taken by change of venue, the defendants appealed to the circuit court, where they were again convicted, from which judgment they appealed to this court.

It is insisted that the information should have been quashed because based upon an insufficient affidavit. The record shows that the case was tried upon an amended information, which together with an amended affidavit were both filed at the same time before the justice. The record does not show the order of sequence in which these two papers were filed. As they were filed together, the presumption must be indulged that the amended information succeeded the amended affidavit upon which its context shows it was based. The defendants do not claim that the amended affidavit is defective, hence there is no merit in the point under review.

PRESUMPTION.

It is next insisted that the defendants were not shown by the record to have been personally present during the whole of the trial. The record shows affirmatively that they were present in the circuit court and arraigned and entered a plea of not guilty, and while it is silent as to their subsequent personal presence, it does not show that their attorneys were present and excepted to the instructions given by the court. As the charge in question is a mere misdemeanor, it will be presumed that the personal presence of the defendants once shown continued during the remainder of the proceedings, or that they

PRESUMPTION.

were absent by the consent of the court and prosecuting attorney. R. S. 1889, sec. 4191.

Finally it is urged that there was no evidence that the assembly disturbed was lawfully met. This was charged to be a fact in express terms in the information and was proven by uncontradicted testimony tending to show that the meeting in question was lawfully assembled at the schoolhouse by the consent and presence of two of the directors of the school distrist, and that it engaged in the Christmas celebration consisting of "plays, songs, and speeches by the little folks." There was clearly no error in the instructions of the court telling the jury that the disturbance of an assembly so met together and for such objects was within the statute upon which the information was based. The evidence in this case shows gross misconduct on the part of the defendants. The judgment is affirmed. All concur.