THE STATE OF MISSOURI, Respondent, v. JENNIE WILEY, Appellant.

Kansas City Court of Appeals, December 4, 1899.

1. **Criminal Procedure:** FORMER CONVICTION: SUBMISSION TO THE COURT. On a trial of an indictment for a misdemeanor under the statute, the trial court has authority to try a plea of former conviction without the aid of a jury when the parties agree thereto, and the proceedings of the court will be presumed to be regular even where the record is silent as to the waiver.

2. **Appellate Practice:** CONTINUANCE: BILL OF EXCEPTIONS. Where the bill of exceptions is silent as to the action of the court in refusing a continuance, the appellate court must ignore complaints of such action since such application and the rulings of the court thereon are no part of the record proper.

Appeal from the Buchanan Criminal Court.—*Hon. R. E. Culver*, Judge.

AFFIRMED.

State v. Wiley.

*Crow & Eastin* for appellant.

(1)   The court erred in failing to call a jury to try the question of former conviction.   State ex rel. v. Withrow, 133 Mo. 519; State v. Van Matre, 49 Mo. 268; Railway v. Story, 96 Mo. 611.   Under the common law the defendant could not waive a jury in this case and our bill of rights, section 28, refers to the common law jury.   See cases cited, *supra*; also Concemix v. People, 18 N. Y. 135; State v. Stewart, 89 N. C. 563; Stewart v. Kimball, 43 Mich. 448.

*James W. Mytton* for respondent.

(1)   This charge against the defendant being a misdemeanor, a jury can be waived and the record need not show an express waiver.   State v. Larger, 45 Mo. 510; State v. Moody, 24 Mo. 560; R. S. 1889, sec. 4190.   (2)   The defendant waived a jury both by not objecting at the time and leading the court into whatever action it pursued in the hearing of the plea, and not calling the trial court's attention to her desire for a jury, and it is too late to object for the first time in the motion for new trial.   State v. Larger, *supra*.   (3) The record shows the defendant waived a jury.

GILL, J.—Defendant was indicted, tried and convicted of keeping a bawdy house in the city of St. Joseph.   The grounds of defendant's appeal will be noticed in the order of her counsels' brief.

At the trial defendant interposed what is denominated a plea of former conviction for the same offense.   In this she alleged that she had theretofore been found guilty in the recorder's court of St. Joseph of the identical offense charged in the indictment.   As to this the record reads:   "Comes now the defendant and files plea in bar which is now here taken up, considered by the court and overruled, and this cause

coming up regularly to be heard, and by agreement of prose-cuting attorney and the defendant, jury is waived, cause sub-mitted to the court, evidence heard, the court finds the de-fendant guilty and assesses her punishment at a fine of two hundred dollars."

The complaint now is that the ttrial court erred in failing to call a jury to try the plea of former adjudication. The point is not well taken. The record fails to show an express waiver of a jury trial as to this issue, but it appears that de-fendant went to trial thereon before the court without objec-tion. This must be treated as a waiver. While in felony cases the accused can not waive jury trial, yet the rule is dif-ferent in misdemeanor cases. The statute (section 4190, Revised Statutes 1889) provides, that "the defendant and prosecuting attorney, with the assent of the court, may submit the trial of misdemeanors to the court, whose finding in all such offenses shall have the force and effect of the verdict of a jury." And in State v. Larger, 45 Mo. 510, it was said: "It is not required that such submission shall be entered on the minutes, or that it shall in any manner become a matter of record. It is not to be presumed, therefore, from the silence of the record, that the court proceeded irregularly and without authority. If the defendant was not willing to be tried by the court he would have objected at the time. Having taken his chances with the court, it is too late now to object that he was not tried by a jury." The foregoing is a complete answer to the defendant's first contention.

The remaining objections to the judgment are even less meritorious than the one above noticed. As to the court's action in refusing a continuance it is sufficient to say, that the bill of exceptions contains nothing in relation thereto. It is there alone we look for such matters, and unless they are there preserved such complaints will be ignored in the appellate court. Applications for continuances and the court's rulings thereon constitute no part of the record proper, and can only

be brought into the record by bill of exceptions signed by the judge. And as to the sufficiency of the evidence to sustain the court's finding, an examination of the record discloses ample to sustain it.

The judgment will be affirmed. All concur.