STATE OF MISSOURI, Respondent, v. J. B. FINLEY, Appellant.

Kansas City Court of Appeals, February 19, 1912.

1. ABATEMENT: Trial by Court: Presumption. The trial of a plea in abatement in a misdemeanor case may be had before the court, without a jury, if the parties consent; and consent will be presumed where the record is silent and no objection is made.

2. INTOXICATING LIQUORS: Indictment: Exceptions: Negative. A section of the dramshop statute made a prior section inapplicable thereto; and it was *held* that an indictment under the former section need not negative the latter, the former one containing a full description of the offense.

3. **CRIMINAL LAW: Presence of Defendant: Return of Verdict.** In cases of misdemeanor if the record shows defendant was present at the trial, it will be presumed he was present at the return of the verdict, though the record is silent.

4. **————: Judgment: Execution.** A judgment for the amount of a fine against the defendant which authorizes an execution against defendant's property, and if not sufficient that his body be taken and confined in the county jail, is not improper.

5. **————: Dramshops: Order for Liquor: Evidence.** The dramshop act prohibits one person, unless he is a retailer or wholesaler, from taking orders for liquor for other persons; and where a person came into defendant's store, paid him $1.60, and asked him to order a keg of beer for him, which the defendant did, and the beer was sent to such person by the next train, a verdict of guilty will be sustained.

Appeal from Callaway Circuit Court.—*Hon. M. D. Thurmond,* Judge.

AFFIRMED.

*D. M. Herring* and *W. S. Pope* for appellant.

*J. W. Finch* and *J. R. Baker* for respondent.

ELLISON, J.—Defendant was indicted and convicted in the circuit court of Callaway county for ordering intoxicating liquors as agent for another.

The prosecution is based on Sec. 7226, R. S. 1909, of the dramshop act, reading as follows:

"It shall be unlawful for any person or persons not a licensed dramshop keeper or by law authorized to sell liquor as a wholesaler, to order for, receive, store, keep or deliver, as the agent or otherwise, of any other person, intoxicating liquors of any kind."

The case was pending in the Supreme Court on the ground that the statute was unconstitutional. But that court held that no constitutional question had been properly raised on the record, and transferred the case to this court.

There was a plea in abatement to the indictment, based on the ground that defendant had been subpoenaed as a witness before the grand jury and compelled to give testimony which led to his indictment by that body. The trial court found against the plea and we think properly. For, conceding the truth of the testimony, yet, in view of the statements or admissions of defendant himself, there was no ground for abatement shown.

It appears that the question of abatement was tried by the court without a jury and it is insisted by defendant that the trial should have been by jury. It is provided by Sec. 5213, R. S. 1909, that the "defendant and prosecuting attorney, with the assent of the court, may submit the trial of misdemeanors to the court, whose finding in all such offenses shall have the force and effect of the verdict of a jury." It must be conceded that if a trial of the case proper can be by the court, the trial of a dilatory plea therein may be so submitted.

But it is said that the record does not show any agreement to waive a jury. In the silence of the record we must assume consent of parties. [State v. Larger, 45 Mo. 510; State v. Wiley, 82 Mo. App. 61.]

In civil cases the consent to waiver of a jury where the parties appear must be evidenced by the record, or by written consent. But that is by reason of the statute so requiring (Sec. 1970, R. S. 1909). No such necessity exists in trial of misdemeanors.

The indictment itself is attacked on the ground that it does not negative that the liquor may have been ordered for defendant's own family. By provision of section 7228, of the dramshop act, the statute is made inapplicable to a person ordering for his own or his family's use. But the offense is described in the separate section we have quoted above and the indictment properly negatives the provisions of that section, and thus makes a complete charge of an of-

fense. · It need not negative provisions of independ-
ent sections of the statute which may provide that
certain facts would make the section prescribing the
offense inapplicable. [State v. Price, 229 Mo. 670;
State v. Doerring, 194 Mo. 398.]

It seems the record does not show the defendant
present when the verdict was returned, but does show
his presence during the trial. In misdemeanor cases
it will be presumed that his presence continued. [State
v. Adams, 80 Mo. App. 293.]

The form of the judgment is attacked. It seems
there was a verdict and fine of $300 on each of two
counts. The judgment is for $600 with costs, and that
execution issue against the property of the defendant,
if sufficient thereof be found; but if no property of
the defendant be found then to arrest defendant and
commit him to the county jail until he is discharged
by due process of law.

It is said the judgment should not have been in
the alternative and that it should merely have been
that defendant be imprisoned until the fine and costs
be paid (Sec. 5276, R. S. 1909). The statute (Sec.
5280) contemplates that an execution may run against
the property of a defendant, and we can see no good
reason for holding the foregoing judgment to be void.

Finally, it is insisted that the evidence did not
justify a conviction. The evidence tended to show
that defendant kept a grocery store in Fulton, and
that one Logan got him to order a keg of beer for
him from Jefferson City. It was done in this way:
Logan went into the store and gave defendant $1.60,
signed a paper but did not know what it was, and
asked him to order the beer, and that defendant went
to the telephone, made the order, and the beer came
on the next train, from whence Logan took and drank
it. Practically the same evidence was given on the
other count, where the liquor was ordered for another
person. It further appeared that defendant had nei-

ther a license as a dramshop keeper nor as a wholesaler.

There can be no doubt but this evidence was ample to sustain a finding that defendant ordered the beer for third parties. The dramshop act, above quoted, undertakes to regulate traffic in intoxicating liquors. Among its provisions is that no person, not licensed as a retailer or wholesaler, shall order such liquors for another. There is no doubt that a case was made under the statute. We have been cited to State v. Rawlings, 232 Mo. 544, but do not see how it has any bearing on the questions in this case.

The instructions properly submitted the case to the jury. The judgment must be affirmed. All concur.