STATE v. SMITH.

No. 28825.

St. Louis Court of Appeals.

Missouri.

May 18, 1954.

No briefs filed for appellant.

No briefs filed for respondent.

BENNICK, Judge.

This case originated in the St. Louis Court of Criminal Correction upon an in-

formation charging defendant, R. Kirby Smith, with the offense of making, drawing, uttering, and delivering, with intent to defraud, a certain check for the sum of $410, knowing at the time that he did not have sufficient funds in the bank upon which the check was drawn for its payment upon presentation. Section 561.460 RSMo 1949, V.A.M.S.

Upon a trial to the court alone, defendant was found guilty as charged, and his punishment fixed at imprisonment in the city workhouse for a term of ninety days.

A motion for a new trial was filed and overruled, whereupon defendant made application for and was allowed an appeal to this court. Incidentally, the appeal was taken prior to the effective date of the new Rules of Criminal Procedure, and in accordance with the provisions of Section 547.070 RSMo 1949, V.A.M.S., which was an alternative method of procedure permissible at the time the application was made. 42 V.A.M.S. Sup.Ct. Rule 1.34(e).

 Defendant has filed no brief, nor does his transcript contain anything beyond what would have been considered record proper prior to the adoption of Rule 28.08. This in spite of the fact that he was given additional time both in the trial court and in this court for the preparation and filing of a full transcript on appeal. In this situation our only function is to render judgment upon the record before us. Section 547.270 RSMo 1949, V.A.M.S.; State v. Redd, Mo.Sup., 257 S.W. 2d 638; State v. Crawford, Mo.Sup., 251 S.W.2d 76; State v. Foster, Mo.Sup., 251 S.W.2d 675; State v. Shapiro, Mo.App., 248 S.W.2d 62.

 The information was in proper form, and followed the language of the statute defining the offense. Defendant was duly arraigned, and having seen the information and heard it read, entered a plea of not guilty. He was personally present in court throughout the trial, and on the day on which the case was set, announced ready, whereupon the court ordered the trial to proceed. While the record does not affirmatively show any agreement to waive a jury, we must presume defendant's consent to such procedure in the silence of the record, and in the absence of objection. State v. Finley, 162 Mo.App. 134, 144 S.W. 120; State v. Shapiro, supra. The finding of guilt was responsive to the issues, and the punishment assessed was within the limits authorized by statute. All this was followed by a proper sentence and judgment.

Finding no error apparent on the face of the record, the judgment of the St. Louis Court of Criminal Correction should be affirmed, and it is so ordered.

ANDERSON, P. J., and ADAMS, Special Judge, concur.