**STATE of Missouri, Respondent,**

v.

**Lee Allen McCLINTON, Appellant.**

**No. 52122.**

Supreme Court of Missouri,
En Banc.

Sept. 11, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, Rodney Weiss, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Wilson Gray, St. Louis, for defendant-appellant.

STORCKMAN, Judge.

The defendant Lee Allen McClinton was convicted in the St. Louis Court of Criminal Correction of stealing less than $50, a misdemeanor. Sections 560.156 and 560.161, RSMo 1959, V.A.M.S. He appealed to the St. Louis Court of Appeals which reversed the judgment and remanded the cause, but because of the general interest and importance of the question involved and for the purpose of re-examining the existing law ordered the cause transferred to this court pursuant to Art. V, § 10, Constitution of Missouri 1945, V.A.M.S.

The defendant was charged by information with stealing a man's jacket valued at less than fifty dollars. He was tried in summary manner by the court without a jury and found guilty as charged. The defendant was not represented by counsel at his trial nor at the initial hearing on appeal. The St. Louis Court of Appeals reviewed the questions properly preserved by defendant's motion for new trial and found the evidence sufficient to support the conviction; it further reviewed as plain error under S.Ct. Rule 27.20(c), V.A.M.R. the absence of any entry of record showing a waiver of a trial by jury and held this to be a violation of S.Ct. Rule 26.01(b), V.A.M.R.

■ We find as did the St. Louis Court of Appeals that the evidence was sufficient to support a conviction of stealing less than fifty dollars. We review the evidence briefly. The testimony of the prosecuting witness Alvin Raines was that on the day in question he parked the panel truck he was driving on Olive Street about 200 feet west of Eighteenth Street and left his jacket on the front seat of the car. As he approached the truck upon his return from a call at a nearby office he saw a man he later identified as the defendant back out of the vehicle with the jacket under his arm and start to walk westwardly on Olive Street. Raines ran after the defendant who, when he perceived that he was being pursued, threw the jacket at Raines and escaped. Raines notified a passing officer and together they began a search of the surrounding neighborhood. Shortly thereafter Raines found the defendant in Union Station and caused his arrest. Raines' identification of the defendant as the man he saw stealing his jacket which he valued at $15 was positive and unequivocal. In determining whether the evidence was sufficient to support the verdict, the appellate court must consider as true all evidence favorable to the state together with inferences that can reasonably be drawn therefrom and must reject contrary evidence and inferences. State v. Thomas, Mo., 393 S.W.2d 533, 536[2]. Raines' testimony was clearly sufficient to establish de-

fendant's commission of the offense charged and to support the judgment of conviction.

■ The assertion in the defendant's motion for new trial that the finding and judgment of the court was against the weight of the credible evidence does not comply with S.Ct. Rule 27.20(a) and preserves nothing for appellate review. State v. Roberts, Mo., 332 S.W.2d 896, 898.

The remaining ground in the motion for new trial is that the finding and judgment of the court was contrary to law. In examining the transcript of the record on appeal, we were immediately struck by the fact that the defendant's request for time to procure an attorney was not granted, that the defendant represented himself poorly at the trial and his rights were not fully protected. If not strictly within the purview of the specification that the judgment of the court was contrary to law, we deem it worthy of consideration under the plain error Rule 27.20(c) on the record before us.

■ Section 18(a) of Art. I of the 1945 Constitution of Missouri provides that in criminal prosecutions the accused shall have the right to appear and defend in person or by counsel. The denial of a person's right to be represented by counsel constitutes a violation of a constitutional right and may justify the reversal and remand of a judgment of conviction. State ex rel. Cave v. Tincher, 258 Mo. 1, 166 S.W. 1028, 1032–1033[11]. At the beginning of the trial, the trial judge interrogated the defendant in the following manner:

"THE COURT: Are you ready for trial? A Yes, sir.

THE COURT: Do you have a lawyer? A No, sir.

THE COURT: Do you wish to go to trial without a lawyer? A Well, if you give me a chance to get one, I will get one.

THE COURT: You have had a lot of chance to get a lawyer. You have been out on bond for over a month. A Yes, sir.

THE COURT: Why didn't you get a lawyer? A Well, I didn't think it was necessary to. I am not guilty of the crime.

THE COURT: That is what we are going to find out. What changed your mind? A Well—.

THE COURT: What? A I guess because you just said that, that was all.

THE COURT: What did I say? A Did I want to go to trial with a lawyer.

THE COURT: I said, do you want to go to trial without a lawyer. A Without, yes, sir.

THE COURT: All right. Have a seat there."

Apparently this was the first setting of the case. The record further shows that the defendant who had a seventh-grade education was employed as a truck driver earning $60 a week and had never been convicted of violating a criminal law.

The record demonstrates ways in which legal counsel could have been of service to the defendant. There were only two witnesses—the owner of the jacket and the arresting police officer. The defendant made no objection to any of their testimony. At the court's invitation, the defendant undertook to cross-examine the prosecuting witness but his inept efforts prompted an inquiry by the court as to whether the defendant was asking a question or making a statement. The defendant replied that he was making a statement, whereupon the court advised him that he was not permitted to make a statement and that he would have an opportunity to testify. The defendant's attempt to cross-examine the witness only tended to emphasize and strengthen the state's case.

■ Further it appears that counsel would have been beneficial to the defendant in regard to the procedure of his testifying in his own behalf and protecting his statutory rights with respect to his cross-examination. Section 546.260, RSMo 1959, V.A.M.S., provides that the accused shall

not be required to testify but may testify in his own behalf and if he elects to do so shall be liable to cross-examination "as to any matter referred to in his examination in chief". At the conclusion of the state's case in chief, the defendant answered in the affirmative the following question by the court: "Do you wish to take the stand and testify in your own behalf and tell your side of the story?" The witness was then sworn and was immediately subjected to direct examination by the assistant prosecuting attorney and the court. After seven questions had been asked and answered, the court stated that he would like to advise the defendant of his constitutional rights, that the defendant was not required to take the stand and to testify, that this was a right that could be waived and if he testified anything he said could be used against him. The court again asked the defendant if he wished to testify and tell his side of the story and the defendant indicated he did. The interrogation by the prosecuting attorney and the court in question and answer form then continued without objection. While the defendant steadfastly denied that he had taken the jacket, he made no preliminary statement in his part of the case and there was no direct examination as such. Nevertheless, his appearance on the stand was the occasion for extensive cross-examination by the prosecuting attorney and the court. The cross-examination of an accused outside of the scope of his direct examination is generally held to be in violation of § 546.260 and to constitute reversible error. State v. Pierson, 331 Mo. 636, 56 S.W.2d 120, 124–125[6–9]; State v. Kelley, Mo., 284 S.W. 801, 802[2]; State v. Santino, Mo., 186 S.W. 976, 978[7]. It has been said that it is impossible to lay down any definite rule as to the scope of cross-examination of a defendant who testifies in his own behalf and each case is very much dependent upon its own facts and background. State v. Scown, Mo., 312 S.W.2d 782, 786[1].

At the conclusion of the defendant's testimony, the court recalled the prosecuting witness to the stand. Under further questioning by the court, the prosecuting witness reiterated his identification of the defendant and his certainty of it. This is another instance in which the defendant might have benefited by the advice and assistance of counsel.

As previously noted, the defendant expressed a desire to obtain counsel if permitted to do so. So far as appears from the record, this was the first setting of the case and there were only two witnesses for the state. Undoubtedly the defendant was negligent in not obtaining counsel during the interval between his arraignment on March 17, 1965, and the beginning of his trial on April 15, 1965. On the other hand, the record does not demonstrate there would have been any prejudice to the state or great inconvenience if the court had continued the case for a few days with the strict understanding that he must obtain counsel and be ready for trial on the next setting. Instead the trial was conducted in the manner described with the result that the court immediately found the defendant guilty as charged and sentenced him to serve sixty days in the workhouse.

In the circumstances shown by this record, we hold that the failure of the trial court to grant the defendant an opportunity to obtain counsel was an abuse of discretion affecting substantial rights of the defendant. The error is prejudicial and justifies a reversal of the judgment and remand of the cause for a new trial. This ruling is strictly limited to the facts shown by the record in this case.

Since the cause must be retried, it is in order for us to examine the holding of the St. Louis Court of Appeals that S.Ct. Rule 26.01(b) requires the waiver of a jury in a misdemeanor case to be "made in open court and entered of record", and that the absence of such a showing and entry in the record constitutes reversible error. The court of appeals reversed and remanded on this ground, treating it as "plain error" since there was no such specification in the

motion for new trial. The opinion recognizes that prior to January 1, 1953, the effective date of Rule 26.01, under statutes of long standing and all reported decisions, the defendant's waiver of a jury in a misdemeanor case need not be entered as a matter of record and the absence of such an entry would not create a presumption that the court proceeded irregularly. Among the supporting authorities cited and discussed in the opinion are State v. Larger, 45 Mo. 510, 511–512; State v. Finley, 162 Mo.App. 134, 144 S.W. 120; State v. Shapiro, Mo.App., 248 S.W.2d 62; State v. Smith, Mo.App., 268 S.W.2d 48; State v. Williams, Mo.App., 349 S.W.2d 375; State v. Belleville, Mo.App., 362 S.W. 2d 77; §§ 546.040, 546.050 and 543.200, RSMo 1959, V.A.M.S.; and § 22(a), Art. I, of the 1945 Missouri Constitution. The opinion also notes that the court of appeals has held that, if a jury is demanded by a defendant in the St. Louis Court of Criminal Correction, it is error to deny the request. City of St. Louis v. Moore, Mo.App., 288 S.W.2d 383. The St. Louis Court of Criminal Correction, nevertheless, is authorized to proceed "in a summary manner." Section 479.-120, RSMo 1959.

Part (a) of Rule 26.01 is based on § 546.040 of our statutes. The first sentence of part (b) of the rule is the same as the concluding clause of § 22(a) of Art. I of the Constitution. The last sentence of part (b) of Rule 26.01 is said to be patterned after Rule 23(a) of the Federal Rules of Criminal Procedure which provides that: "Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government." The last sentence of our Rule 26.01(b) originally stated that: "Such waiver and assent shall be in writing, signed by the defendant and the judge, and filed of record." This was changed effective January 1, 1960, so that parts (a) and (b) of the Rule 26.01 now read:

"(a) All issues of fact in any criminal case shall be tried by a jury to be selected, summoned and returned in the manner prescribed by law, unless trial by jury be waived as provided in this Rule.

"(b) The defendant may, with the assent of the court, waive a trial by jury and submit the trial of any criminal case to the court, whose findings shall have the force and effect of the verdict of a jury. *Such waiver by the defendant shall be made in open court and entered of record.*"

We are here concerned in particular with the force and effect of this last sentence of part (b) which we have italicized.

In order to put S.Ct. Rule 26.01 in proper perspective, a review of cognate statutory and constitutional provisions is necessary. Sections 546.040 and 546.050 referred to above were in effect in 1870 when State v. Larger was decided. See General Statutes of Missouri, 1865, Ch. 213, §§ 1 and 2, p. 848. What is now § 543.200 was enacted in 1870. Laws 1870, p. 63, § 1, amending the General Statutes of 1865, § 5 of Ch. 186, p. 726. Thus at all times relevant herein these statutory provisions have been in force:

"All issues of fact in any criminal cause shall be tried by a jury, to be selected, summoned and returned in a matter prescribed by law." Section 546.040.

"But the defendant and prosecuting attorney, with the assent of the court, may submit the trial of misdemeanors to the court, whose finding in all such offenses shall have the force and effect of the verdict of a jury." Section 546.050.

"After the plea of the defendant has been entered, if he plead not guilty, the defendant or prosecuting witness, or prosecuting attorney, may demand a jury; but if no jury be demanded, the case may be tried by the magistrate." Section 543.200.

Therefore, since 1870 at least, the defendant in a misdemeanor case has had a *statutory* right to a trial by jury (§ 546.040) which could be waived (§ 546.050) and the case could be tried by the magistrate if a jury was not demanded (§ 543.200). Fur-

thermore, the failure of the record to show a waiver would not constitute reversible error. See State v. Larger, 45 Mo. 510, and other cases referred to above. This is in keeping with the general rule in misdemeanor cases and is not inconsistent with state and federal constitutional provisions. District of Columbia v. Clawans, 300 U.S. 617, 57 S.Ct. 660, 661–663[1–4], 81 L.Ed. 843; Cheff v. Schnackenberg, 384 U.S. 373, 379, 86 S.Ct. 1523, 16 L.Ed.2d 629; Art. III and Amendment VI of the U. S. Constitution; 50 C.J.S. Juries § 77, p. 781; 31 Am. Jur., Jury §§ 32, 33 and 36, pp. 38, 39 and 41. In 39 Harvard Law Review at page 917 there is an exhaustive treatise by Felix Frankfurter and Thomas G. Corcoran, then of the Harvard Law School, entitled, "Petty Federal Offenses and the Constitutional Guaranty of Trial by Jury". The article traces the treatment of such offenses through the common law of England and the colonial statutes into the Constitutions of the United States and various states. It points out at page 920 that: "In England and in the several states a vast body of statutory prohibitions, constituting so-called petty or minor offenses, is enforced through summary procedure, i. e., before one or more judges without juries." The article clarifies what is intended by such terms as "[t]he right of trial by jury as heretofore enjoyed" appearing in § 22(a) of Art. I of our Constitution. It concludes that the legislature and the courts have considerable latitude in determining what offenses are minor or petty in contemplation of their historical background and which, therefore, can be withdrawn from determination by a jury and decided in a summary procedure before the court.

The first sentence of S.Ct. Rule 26.01(b) is practically a rescript of the concluding clause of § 22(a) of Art. I. Prior to the enactment of this new provision in the 1945 Constitution, a defendant in a felony case could not waive a jury. State v. Talken, 316 Mo. 596, 292 S.W. 32, 33[5]. As we have seen, the enactment of such a provision was not necessary to allow the waiver of a jury in a misdemeanor case. That the primary purpose was to permit waiver of a jury in felony cases is borne out by the proceedings of the 1943–1944 Constitutional Convention of Missouri. Mr. P. M. Marr, a delegate from Milan, Sullivan County, Missouri, was Chairman of the Committee on Preamble, Boundaries, Bill of Rights and Distribution of Powers. In presenting to the convention § 26 of File No. 8, now § 22(a) of Art. I, Chairman Marr stated: "Mr. President, and Members of the Convention, this Section has three new features as compared with the like Section in the present Constitution. This adds three new points. In the first place it gives the defendant in every criminal case, the right with the assent of the court to waive a jury trial and submit his case to the court for trial before the court, the finding of the court having the same force and effect as the finding of the jury. As of course the lawyers in the Convention know, the man who is charged with a felony as the law now stands, cannot waive the jury and have the court try the case, but if he pleads Not Guilty the case must be tried before a jury, and there are cases where the defendant, if he desires, should have the right to waive the jury and submit his case to the court for a trial upon a plea of Not Guilty, and it simply grants to the defendant an additional right. This isn't granting the state any more rights on that issue but granting the defendant an additional right that he may exercise for his own good if he or his counsel, in their judgment, deem that it is wise for them to do that." Debates of the Constitutional Convention, p. 1215.

■ Historically, trial by jury has been required in felony cases and is constitutionally protected, but jury trials have generally been held to be dispensable in the trial of misdemeanors whether created by state law or municipal ordinances. Therefore, the manner of waiving a jury trial in a misdemeanor case is within the legislative control of the general assembly unless the Constitution provides otherwise.

Art. V, § 5, of the 1945 Constitution, grants the supreme court the power to establish rules of practice and procedure for all courts with the limitation, however, that the rules shall not change "the law relating to * * * juries, [or] the right of trial by jury, * * *." The general assembly acting within its proper domain has enacted statutory provisions relating to trial by jury in misdemeanor cases and the manner of waiving it. The concluding sentence of S.Ct. Rule 26.01(b) must be held to have no efficacy against contrary provisions of §§ 546.050 and 543.200. The statutory provisions and not the rule are controlling.

For the reasons heretofore assigned, the judgment is reversed and the cause is remanded for a new trial consistent with the views expressed herein.

All concur.