**STATE of Missouri, Respondent,**

v.

**Steven W. ROBERSON, Appellant.**

**No. WD 67133.**

Missouri Court of Appeals, Western District.

Jan. 15, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 4, 2008.

Application for Transfer Denied April 15, 2008.

Gary E. Brotherton, Esq., Columbia, MO, for appellant.

William D. Abele, Esq., Boonville, MO, for respondent.

Before BRECKENRIDGE,[1] P.J., LOWENSTEIN and HOLLIGER, JJ.

HAROLD L. LOWENSTEIN, Judge.

The appellant, Steven Roberson, was found guilty, after a bench trial, of misdemeanor third-degree domestic assault, pursuant to Section 565.074.1(5),[2] against his wife. Roberson questions: (1) the constitutionality of the statute providing that, where no jury trial is demanded, a bench trial will be provided for defendants charged with misdemeanors; and (2) the sufficiency of the evidence supporting the trial court's judgment. As Roberson did not raise the constitutional challenge before the trial court, the question is not properly preserved for appellate review. Upon review of the record, this court determines that the trial court's judgment is supported by substantial evidence. Accordingly, the trial court's judgment is affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

After a previous trial setting, a December 14, 2005 docket entry indicates that Roberson's case was set for a January 31, 2006 bench trial. On January 31, 2006, the record shows that the defendant was present with counsel when the judge announced, in open court: "A jury trial having been waived, the matter is submitted to the Court for determination." The lawyers then announced they were ready for trial. At no time did the defendant request a jury trial or object to the bench trial.

The evidence before the court primarily consisted of the testimony of the victim, Roberson's wife. She testified that Roberson came home early from work on the day of the assault. When she asked him why he was early, Roberson became belligerent and began breaking glassware. Mrs. Roberson, who was four feet ten inches tall and weighed one hundred pounds, became scared and ran off to get their child. Roberson, who was six feet tall and weighed two hundred and eleven pounds, grabbed her by her hair, hitting her twice on the head and throwing a drinking glass at her.

In tears, Mrs. Roberson ran from her home to a neighbor's trailer where she called 911. Sheriff's deputies responding to the call described her as "pretty upset"—crying with a small cut on her forehead. The deputies went to the Roberson trailer where the defendant was sweeping up broken glass. Roberson said there had

---

1. Breckenridge, J., was a member of this court at the time the case was argued and submitted. She was subsequently appointed a judge of the Supreme Court of Missouri but has been reassigned to this court as a special judge for the purpose of disposition of this case.

2. All statutory references are to RSMo (2000).

been an argument, he had thrown a bottle at the victim, and she had, "intentionally walked in front of the '. . . thrown bottle.' "

The defense did not present any evidence. However, during cross-examination, Roberson's counsel attempted to question the victim about "compulsory Army training" she might have received during high school.

The trial court found Roberson guilty of third-degree domestic assault. He was sentenced to thirty days in Cooper County jail, execution of the sentence was suspended, and he was placed on unsupervised probation for two years and was ordered to attend anger management training.

## II. DISCUSSION

On appeal, Roberson raises two issues: (1) the constitutionality of Section 543.200; and (2) the sufficiency of the evidence supporting the judgment.

## A. Constitutionality of Section 543.200

■ Section 543.200 provides that a defendant charged with a misdemeanor may demand a jury, but if no jury is demanded, the case may be tried by the associate circuit judge. Roberson's contends that Section 543.200 is unconstitutional because it shifts the burden of exercising his constitutional right to a trial by jury to the defendant. He argues that any such waiver must be an affirmative act of the defendant and the trial court should ensure that the defendant has, in fact, waived the right.

Roberson raises this challenge for the first time on appeal. He asks this court for plain error review finding an infringement of his right to a jury in order to transfer the case to the Supreme Court of Missouri. Had this challenge to a Missouri statute been timely raised and preserved, and had Roberson had standing to assert this challenge, this court would be constrained to transfer the case to the Supreme Court. Mo CONST. art. V § 3; *State v. Sullivan*, 935 S.W.2d 747, 754 (Mo.App.1996). However, Roberson did not raise this constitutional question before the trial court at his first opportunity, as required. In fact, Roberson never raised the issue before the trial court nor objected when the judge announced, in open court, that a jury trial had been waived. Evidence was adduced and a finding of guilty rendered. Roberson, moreover, has failed to specify how the requirement that he demand a jury trial infringes on his rights under the Constitution. Consequently, there is no constitutional issue, properly raised, that demands transfer of this case.

■ In a misdemeanor case, when the defendant "makes no request for a jury trial and proceeds to trial without a jury, he cannot successfully claim on appeal his right to a jury trial was abridged." *State v. Freeman*, 189 S.W.3d 605, 609 (Mo.App. 2006) (*quoting State v. Patrick*, 816 S.W.2d 955, 957 (Mo.App.1991)). If, in a misdemeanor trial, "the defendant was not willing to be tried by the court, he should have objected at the time. Having taken his chances with the court, it is too late now to object that he was not tried by a jury." *State v. Larger*, 45 Mo. 510, 510 (1870).

Roberson's related argument that there is no showing he knowingly waived trial by jury is not cognizable. As in *State v. Farmer*, 548 S.W.2d 202, 205–06 (Mo.App. 1977), the defendant had notice there would be a bench trial. The defendant did not object to the bench trial or request a jury trial. *Id.* at 206. The *Farmer* court found that defendant's claim that the record must demonstrate that he knowingly waived trial by jury is not cognizable. *Id.*

Here, as in *Farmer*, the defendant had notice there would be a bench trial and he made no request for a jury prior to proceeding to trial. *See, State v. McClinton*, 418 S.W.2d 55, 61–62 (Mo. banc 1967) (stating that the legislature was free to require a defendant to demand a jury in misdemeanor cases and to allow a waiver of the constitutional right to jury trial in open court.) *See also* Rule 27.01.

In that Roberson failed to preserve his direct challenge to Section 543.200, and his argument that the record must show an affirmative waiver is not cognizable, point denied.

### B. Sufficiency of the Evidence

 "When an appellant challenges the sufficiency of the evidence, this Court will view all facts and reasonable inferences in the light most favorable to the guilty verdict. Contrary evidence and inferences are disregarded." *State v. Gray*, 895 S.W.2d 241, 243 (Mo.App.1995) (citation omitted). Review is limited to determining if there was sufficient evidence from which the judge as trier of fact could make a finding of guilty beyond a reasonable doubt. *State v. Dawson*, 985 S.W.2d 941, 946 (Mo.App.1999).

Section 565.074.1(5) states that a "person knowingly causes physical contact with such family or household member knowing the other person will regard the contact as offensive." In the face of the testimony of Roberson's wife and the responding deputies, that the victim, scared and crying, had fled to a neighbor's house to call the sheriff, Roberson points to a single, isolated answer of "no" by his wife, who had discernable difficulty with English, to the question of whether she found Roberson's conduct offensive. Roberson, argues that this single response negates the substantial evidence presented by the State. Roberson's additional claim that Mrs. Rober-

son's testimony that he tried to choke her in 2001 demonstrates that their relationship was "tumultuous" does nothing to help him.

The trial court had sufficient evidence to find Roberson guilty beyond a reasonable doubt of the crimes charged. Point denied.

The judgment is affirmed.

All concur.