### STATE of Missouri, Plaintiff–Respondent,

### v.

### Don RADER, Defendant–Appellant.

### No. SD 29935.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 27, 2010.

Motion for Rehearing or Transfer
Denied Oct. 19, 2010.

Application for Transfer Denied
Nov. 16, 2010.

---

Kent Denzel, Columbia, MO, for Defendant–Appellant.

Chris Koster, Atty. Gen., Jason Mac-Pherson, Asst. Atty. Gen., Jefferson City, MO, for Plaintiff–Respondent.

JEFFREY W. BATES, Judge.

Don Rader (Defendant) appeals from his misdemeanor conviction for sexual misconduct. He contends that the trial court committed plain error by conducting a bench trial without first obtaining a written waiver from Defendant or requiring him or his counsel to state on the record that Defendant was waiving his right to a jury trial. We affirm.

In February 2008, Defendant was charged by information with a single count of sexual misconduct in the first degree. See § 566.090.[1] This offense is a class A misdemeanor punishable by imprisonment for a term not to exceed one year. See § 558.011.1(5). Defendant was arraigned on March 12, 2008. He pled not guilty and was referred to the Office of the Public Defender. On March 24, 2008, Defendant appeared with counsel. The judge set the case for trial or disposition on May 21, 2008. Defendant and his counsel appeared on that date. The case was continued due to the prosecutor's inability to serve a witness. The case was reset for a court trial on June 18, 2008.

The trial commenced as scheduled on June 18th. The legal file does not reflect that Defendant or his counsel had made any request for a jury trial up to that point. Defendant and his counsel were both present for trial. After the court called the case and announced the parties' appearances, a bench trial ensued. Defendant did not object to that procedure or request a jury trial. The judge found Defendant guilty of the charged offense. In July 2008, the court sentenced Defendant to serve 365 days in the Wright County jail. Execution of the sentence was suspended, and Defendant was placed on supervised probation for two years. In August 2009, the court revoked Defendant's probation and ordered execution of his 365–day sentence. This appeal followed.[2]

■ Defendant presents one point on appeal. He contends the trial court committed plain error by conducting a bench trial without first obtaining a written waiver from Defendant or requiring him or his counsel to state on the record that Defendant was waiving his right to a jury trial. Defendant argues that the trial court's failure to do so violated Defendant's right to a jury trial guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution, and art. I, §§ 10, 18(a), and 22(a) of the Missouri Constitution.

■ This case involved the trial of a misdemeanor offense. Therefore, Defendant was required to demand a jury trial if he wanted one. "In misdemeanor cases, after the plea of the defendant has been entered, if he pleads not guilty, the defendant or prosecuting attorney may demand a jury; but if no jury is demanded, the case may be tried by the associate circuit judge." § 543.200 RSMo (2000). This

---

1. All references to statutes are to RSMo Cum. Supp. (2008) unless otherwise specified. All references to rules are to Missouri Court Rules (2008).

2. Defendant was granted leave to file a late notice of appeal pursuant to Rule 30.03.

Court's review of the record demonstrates that no such demand was made. Accordingly, Defendant cannot successfully claim on appeal that his right to a jury trial on this misdemeanor charge was abridged. *State ex rel. Estill v. Iannone*, 687 S.W.2d 172, 174 (Mo. banc 1985); *State v. Roberson*, 248 S.W.3d 33, 35–36 (Mo.App.2008); *State v. Freeman*, 189 S.W.3d 605, 609 (Mo.App.2006); *State v. Patrick*, 816 S.W.2d 955, 957 (Mo.App.1991). There is no requirement in a misdemeanor case that a defendant's waiver of his right to a jury trial be made in writing or affirmatively appear on the record. *State v. McClinton*, 418 S.W.2d 55, 59–62 (Mo. banc 1967); *Roberson*, 248 S.W.3d at 36; *State v. Farmer*, 548 S.W.2d 202, 205–06 (Mo.App.1977); Rule 27.01(b) (only requiring a waiver of the right to a jury trial in a felony case to be made in open court and entered of record).

 Defendant's argument amounts to an attack on the constitutionality of § 543.200 RSMo (2000). If that issue were preserved, we would be required to transfer this case to our Supreme Court. *Roberson*, 248 S.W.3d at 35; *State v. Turner*, 48 S.W.3d 693, 696–97 (Mo.App.2001). Because Defendant is raising this constitutional issue for the first time on appeal, however, we need not address it. *Roberson*, 248 S.W.3d at 35; *Turner*, 48 S.W.3d at 697. "The failure to challenge the constitutionality of a statute at the earliest opportunity waives the issue." *Feldhaus v. State*, 311 S.W.3d 802, 804 (Mo. banc 2010). An attack on the constitutionality of a statute is a matter of such dignity and importance that the issues should be fully developed at trial and not as an afterthought on appeal. *Hollis v. Blevins*, 926 S.W.2d 683, 684 (Mo. banc 1996); *McGathey v. Davis*, 281 S.W.3d 312, 318 (Mo. App.2009). Point denied.

The judgment of the trial court is affirmed.

RAHMEYER, P.J., and SCOTT, C.J., Concur.