

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI,               )
                                 )
           Respondent,   )
                                 )
  vs.                        )        No. SD32983
                                 )
JORDAN LEE MARTIN,               )        FILED: March 23, 2015
                                 )
           Appellant.    )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Thomas E. Mountjoy, Judge

**<u>AFFIRMED</u>**

Jordan Martin (Defendant) appeals his first-degree murder conviction, raising one point that fails on the merits and two unpreserved claims we do not reach.

## Background

Defendant does not dispute the sufficiency of the evidence. The state's theory had Kody Ray running with a group of troublemakers led by Defendant. After an incident where Defendant was arrested but Ray was not, Defendant labeled Ray a "snitch" and vowed to shoot him or have him shot.

A month later, Defendant drove group-member Duke to Ray's house. Duke

went up to the porch, dispatched Ray with two bullets to the head, returned to the car, and the two men fled.

A jury found Defendant guilty of first-degree murder. The state waived the death penalty. Defendant was sentenced to life without parole as the remaining option under § 565.020.[1]

## Motion to Transfer

Preliminarily, we reject Defendant's request to transfer his appeal to our supreme court in light of Point I's plain-error constitutional challenge to § 565.020.[2]

Defendant candidly admits that his motion and untimely constitutional claim typically would fail. To quote Defendant's motion:

> In situations where a claim challenging the constitutional validity of a statute is not preserved on appeal, this Court need not transfer the case to the Missouri Supreme Court and cannot engage in plain error review of the constitutionality of the statute, thus the claim is usually denied through a refusal to engage in plain error review by the court of appeals.

Yet Defendant seeks an exception, alleging that ***Hall v. Florida***, 134 S. Ct. 1986 (2014), decided while this case was on appeal, substantially changed controlling law. We cannot agree.

***Hall*** struck down Florida's death penalty scheme to the extent it mandates that anyone "whose [IQ] test score is above 70, including a score within the margin

---

[1] Statutory references are to RSMo as amended through 2009.

[2] Per ***Miller v. Alabama***, 132 S. Ct. 2455, 2469 (2012), "the Eighth Amendment forbids sentencing a juvenile defendant to life without parole when there has been no consideration of the particular circumstances of the crime or the offender's age and development." ***State v. Hart***, 404 S.W.3d 232, 234 (Mo. banc 2013). Point I seeks to stretch ***Miller*** to cover Defendant, who committed this crime at age 18 ½.

for measurement error, does not have an intellectual disability and is barred from presenting other evidence that would show his faculties are limited." *Id*. at 1994. "Florida is one of just a few States to have this rigid rule." *Id*. at 2001. Missouri is not,[3] nor did this case involve the death penalty or intellectual disability as *Hall* did. For each and all such reasons, *Hall* does not change the law controlling this case or offer a basis to excuse the failure to preserve Point I. We deny the motion to transfer. *State v. Rader*, 334 S.W.3d 467, 469 (Mo.App. 2010).

## Point I – Unconstitutional Sentence

Denial of Defendant's motion to transfer naturally leads to denial of his first point. We need not address a constitutional claim first raised in this court. *Id*. An attack on a statute's constitutionality should be fully developed at trial. *Id*. Point denied.

## Point II – Principal's Testimony

Defendant claims it was error to let a school principal testify that he told Ray's stepmother that Defendant's group was "going to get [Ray] into trouble." Defendant portrays this as inadmissible testimony of bad character or reputation.

"A trial court has considerable discretion in deciding whether to admit evidence at trial." *State v. Howery*, 427 S.W.3d 236, 249-50 (Mo.App. 2014). We give great deference to the trial court and we presume its ruling is correct. *Id*. at 250. We will not disturb the ruling absent an abuse of discretion so prejudicial that it

---

[3] *See* § 565.030.6. In Missouri, "IQ test scores are not applied mechanically because IQ scores are only one part of the statutory definition." *State ex rel. Clayton v. Griffith,* No. SC94841, slip op. at 35 n.5 (Mo. March 14, 2015) (citing *Goodwin v. State*, 191 S.W.3d 20, 31 n.7 (Mo. banc 2006)). *See also Hall*, 134 S. Ct. at 1996-97.

deprived Defendant of a fair trial. *Id.* Defendant's burden is to show both error and a reasonable probability it affected the trial's outcome. *Id.*

Defendant fails to convince us of prejudice for at least two reasons. First, this brief testimony was cumulative. "Generally, if other evidence admitted without objection sufficiently established essentially the same facts, the challenged evidence cannot create undue prejudice because it is simply cumulative of other properly admitted evidence." ***State v. Dickson***, 337 S.W.3d 733, 744-45 (Mo.App. 2011). Here, without objection, group members described their underage drinking, hotel parties, and more than one fight.

Maybe more importantly, the principal's mention of concern about this group did not bear on the case's determinative issue. The state characterized the murder as the premeditated result of a series of events. The defense acknowledged those events, but argued Defendant only wanted Duke to scare Ray, not kill him. Defendant admits the parties "essentially agreed" on the basic facts, his scienter being "the only real issue in the case."[4]

The challenged statement "would not seem to lend any greater weight to the State's theory of the case than it would the defense theory. If anything, the statement would seem to lend equal support to both." ***State v. Tripp***, 168 S.W.3d 667, 679 (Mo.App. 2005). Defendant has not shown that the principal's statement resulted in outcome-determinative prejudice. Point II fails.

---

[4] Quoting defense counsel in closing:

> [Duke] didn't go over to execute [Ray]. That's -- there's only two possibilities. I'll finish with that, two possibilities. Planned, premeditated execution, a hit, or Duke lost his cool and only went over there to scare [Ray]. Number two? [Defendant]'s not guilty.

4

## Point III – Closing Argument

Defendant claims the state improperly argued that he demonstrated a pattern of getting others to commit crimes for him. There was no objection. No claim of error is preserved. ***State v. Wright***, 376 S.W.3d 696, 705 n.8 (Mo.App. 2012).

"Plain error relief as to closing argument should rarely be granted and is generally denied without explanation." ***State v. Garner***, 14 S.W.3d 67, 76 (Mo.App.1999). "Cursory research yields dozens of cases to similar effect," with good reason. ***State v. Lovell***, 414 S.W.3d 577, 579 & n.4 (Mo.App. 2013). We are not inclined to deviate from this practice. Point denied. Judgment affirmed.

DANIEL E. SCOTT, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

WILLIAM W. FRANCIS, JR., PJ/CJ. – CONCURS